**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., | : |
| | : |
| | : |
| *Plaintiffs*, | : |
| | : |
| vs. | : |
| | : |
| DRIP DROP HYDRATION STATION LLC D/B/A BEDSIDE MANNER TELEHEALTH, | : |
| | : |
| | : |
| *Defendant*. | : |

Case No. 1:24-cv-640

Judge Jeffery P. Hopkins

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

This matter is before the Court on the Report and Recommendation (Doc. 18) issued by Magistrate Judge Karen L. Litkovitz on October 15, 2025. The Magistrate Judge recommends that Plaintiffs' motion for default judgment be granted and that this Court grant various forms of relief to Plaintiffs. Importantly here, no objections have been filed and the time for filing such objections under Fed. R. Civ. P. 72(b) has expired.

Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and finding no clear error, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *see e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022). Accordingly, it is **ORDERED** that:

1. Plaintiffs' motion for default judgment (Docs. 15, 17) is **GRANTED**.

2. The Clerk is **ORDERED** to enter default judgment against Defendant in favor of Plaintiffs.

3. The Court **DECLARES** that Defendant has:

   a. Engaged in trademark infringement in violation of 15 U.S.C. § 1114(1);

   b. Engaged in trademark infringement false designation of origin, and unfair competition, in violation of 15 U.S.C. § 1125(a)(1)(A);

   c. Engaged in false and misleading advertising and promotion in violation of 15 U.S.C. § 1125(a)(1)(B);

   d. Engaged in unfair competition in violation of Ohio common law; and

   e. Engaged in deceptive trade practices in violation of Ohio R.C. 4165.01 *et seq.*

4. The Court **DECLARES** that each of the above acts set forth in paragraph 3 was willful.

5. Defendant and its agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant are **PERMANENTLY ENJOINED AND RESTRAINED**, from:

   a. Using the Ozempic® and Wegovy® marks in any manner, including but not limited to (i) use in any manner that is likely to cause confusion or mistake, to deceive, or otherwise infringe Novo Nordisk's rights in the Ozempic® and Wegovy® marks in any way, or (ii) use in connection with the advertising, marketing, sale, or promotion of any compounded drug products; and,

   b. Advertising, stating, or suggesting that any compounded drug products, including but not limited to any compounded drug products that either are

available, directly or indirectly, from or through Defendant or the use of which or access to which is facilitated by, or with the involvement of, Defendant:

    i. are, or contain, genuine or authentic Novo Nordisk Ozempic®, Wegovy®, or Rybelsus® medicines;

    ii. are sponsored by or associated with Novo Nordisk;

    iii. are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

    iv. achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes, including but not limited to by relying on or making references to clinical trial results for Novo Nordisk's medicines;

    v. achieve or have been shown or proven to achieve therapeutic results, effects, or outcomes similar or identical to Novo Nordisk's medicines or are interchangeable with or equivalent to genuine Novo Nordisk medicines;

    vi. are associated or connected in any way with Novo Nordisk or Novo Nordisk's medicines; or

    vii. contain any ingredient (including but not limited to semaglutide) that is supplied by Novo Nordisk, is approved by the FDA, or is the same as any ingredient in any Novo Nordisk medicine.

c. Engaging in any unfair and deceptive trade practices; and

d. Engaging in any deceptive acts or practices.

     e.   Defendant is **ORDERED** to disclose conspicuously and prominently in any public-facing materials for any of its compounded drug products, including but not limited to all advertising, marketing, and promotional materials, that its products are compounded drugs that have not been approved by the FDA and have not been reviewed by the FDA for safety, effectiveness, or quality.[1]

6.   Defendant is **ORDERED** to provide an accounting of its sales and revenue from semaglutide products within **fourteen (14) days** of this Order. A ruling on whether Plaintiffs are entitled to disgorgement of profits is **STAYED** pending these further proceedings.

7.   Plaintiffs shall be awarded reasonable attorneys' fees.

8.   Plaintiffs shall be awarded the costs of suit incurred herein.

9.   Within **twenty-one (21) days** of receipt of the accounting ordered in paragraph 6, Plaintiffs shall submit briefing on: (a) whether Plaintiffs are entitled to the disgorgement of Defendant's profits for Defendant's Lanham Act violations; the amount of monetary relief, if any, that should be awarded; and whether this monetary relief should be trebled due to Defendant's willfulness; (b) whether Plaintiffs are entitled to be awarded pre-judgment and post-judgment interest on all damages; (c) the amount of attorneys' fees that should be awarded pursuant to paragraph 7; and (d) the amount of costs that should be awarded pursuant to paragraph 8.

---

[1] To the extent Plaintiffs seek injunctive relief requiring Defendant to disclose that its compounded drug products (a) have not been demonstrated to the FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed the FDA; and (c) FDA-approved medicines containing semaglutide are available, that request is denied without prejudice. Plaintiffs have not shown that such injunctive relief is warranted at this juncture.

10. Plaintiffs may apply to this Court for further relief from any violations of this Court Order.

**IT IS SO ORDERED.**

December 11, 2025

Jeffery P. Hopkins
United States District Judge